CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

RYAN REZAEI (CABN 126569)
Assistant United States Attorney
CLAUDIA QUIROZ (CABN 254419)
C. ALDEN PELKER (MD)
JONAS LERMAN (CABN 274733)
Trial Attorney
Computer Crime & Intellectual Property Section
United States Department of Justice

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7428
    Fax: (415) 436-7234
    ryan.rezaei@usdoj.gov
    claudia.quiroz2@usdoj.gov
    catherine.pelker@usdoj.gov
    jonas.lerman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 22-00257 |
| Plaintiff, | UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO REVOKE DETENTION ORDER UNDER 18 U.S.C. § 3145(b) |
| v. | |
| DMITRY VASILEV,<br>   a/k/a "Dmitry Vasiliev,"<br>   a/k/a "Dmitry Vasilyev,"<br>   a/k/a "Дмитрий Васильев,"<br>   a/k/a "Дзмітрій Васільєв,"<br>Defendant. | |

# INTRODUCTION

The Court should deny defendant Dmitry Vasilev's motion to revoke Magistrate Judge Kim's well-founded detention order. Vasilev is an obvious flight risk. He made his initial appearance in this case only after having unsuccessfully fought his U.S. extradition from a third country (Poland). He is a citizen of Russia—a country that does not extradite its citizens to the United States. He has no meaningful ties to the Northern District of California or the United States. And if released pending trial, he will have a strong incentive to flee rather than face prosecution and potential years in prison.

U.S. Pretrial Services recommended that Vasilev be detained pending trial. Magistrate Judge Kim agreed with that recommendation and found, after a detention hearing, that Vasilev poses an unacceptable risk of flight, which no available release conditions can adequately mitigate. As Magistrate Judge Kim recognized, Vasilev's risk of flight is "aggravated" by factors such as his "family ties to Russia and Spain, significant history of international travel, no ties to the district or community, unknown ties to the United States, no history of residency in the United States, and no bail resources." Dkt. 24.

The record amply supports Magistrate Judge Kim's findings. This Court should reach the same conclusion, uphold the detention order, and deny Vasilev's 18 U.S.C. § 3145(b) motion.

# BACKGROUND

In July 2022, a Northern District of California grand jury indicted Vasilev on one count of operating and aiding/abetting the operation of an unlicensed money-transmitting business, 18 U.S.C. § 1960, and one count of conspiring to commit money laundering, 18 U.S.C. § 1956(h). Dkt. 1. The charges stem from Vasilev's role in operating Wex, the rebranded name of digital currency exchange BTC-e, which for years "was one of the primary ways by which cyber criminals around the world transferred, laundered, and stored the criminal proceeds of their illegal activities. BTC-e received criminal proceeds of numerous computer intrusions and hacking incidents, ransomware events, identity theft schemes, corrupt public officials, and narcotics distribution rings." *Id.* ¶ 5. BTC-e was "controlled by Alexander Vinnik and others" before its rebranding as Wex. *Id.* ¶¶ 2. Another person involved in operating BTC-e, Aliaksandr Klimenka, now awaits trial before this Court.[1]

---

[1] *United States v. Klimenka*, CR 22-00256 SI.

U.S. RESP. TO DEF.'S MOT. TO REVOKE DETENTION ORDER
CR 22-00257                                                    2

Vasilev was arrested in Poland and then fought extradition following his arrest in October 2024. Poland subsequently extradited him to the United States, and he made his initial appearance in this district in June 2025. Dkt. 6. Vasilev's detention hearing was then repeatedly postponed at the defense's request—first set for July 7, 2025, then reset to July 21, then to July 28, and finally to August 13. *See* Dkt. 7–16. Vasilev remained in custody throughout that more than monthlong period of defense-requested continuances. The purpose of those continuances was for the defense to come up with a viable bond package. But the defense failed to do so.

In a July 2, 2025 bail report (under seal), U.S. Pretrial Services recommended that Vasilev be detained pending trial. The government joined that recommendation.

At the August 13, 2025 detention hearing, Magistrate Judge Kim heard from the U.S. Pretrial Services Officer and counsel for the parties. (A transcript of the proceeding is filed concurrently herewith as Exhibit A to the Declaration of Claudia Quiroz.) Pretrial recommended detention based on flight risk but noted a conversation they had with a possible acquaintance of Vasilev's who "would be willing to house him for three months."[2] Ex. A at 4:8-11. The Pretrial Services Officer noted that such a housing arrangement did not change their detention recommendation—the individual offering housing and Vasilev have only known each other for a year and Vasilev would only be able to live there for three months, which did not seem like a suitable living arrangement. *Id.* at 4:13-19.

Magistrate Judge Kim agreed with the government and Pretrial's recommendation that Vasilev should remain detained pretrial detention, finding that Vasilev poses an unacceptable risk of flight, which no available bond conditions can adequately mitigate. The written detention order further sets out some of Magistrate Judge Kim's reasons. Dkt. 24. "Upon consideration of the facts, proffers and arguments presented" at the detention hearing, "and for the reasons stated on the record," Magistrate Judge Kim found "by a preponderance of the evidence" that "no condition or combination of conditions will reasonably assure the appearance of [Vasilev] as required" and that he "must be detained pending trial." *Id.* at 2. That order "supplements the Court's findings and order at the detention hearing." *Id.* "As noted on the record" at the hearing, Magistrate Judge Kim agreed with Pretrial Services that Vasilev poses a risk

---

[2] The transcript incorrectly identifies the U.S. Pretrial Officer as "Ms. Quiroz." *See* Ex. A at 4.

of flight that available release conditions cannot reasonably mitigate. *Id.* That risk of flight, Magistrate Judge Kim found, "is aggravated by" factors including Vasilev's "family ties to Russian and Spain, significant history of international travel, no ties to the district or community, unknown ties to the United States, no history of residency in the United States, and no bail resources." *Id.*

## DISCUSSION

### I.    Applicable law

Under section 3145(b), this Court's review of Magistrate Judge Kim's detention decision is de novo. *United States v. Koenig*, 912 F.2d 1190, 1192–93 (9th Cir. 1990). This Court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct with no deference." *Id.* at 1193; *see, e.g.*, *United States v. Cohen*, No. CR 10-00547 SI, 2010 WL 5387757 (N.D. Cal. Dec. 20, 2010). But this Court "is not required to start over . . . and proceed as if the magistrate's decision and findings did not exist." *Koenig*, 912 F.2d at 1193. This Court is free to adopt Magistrate Judge Kim's findings and analysis if it agrees with them. And this Court need not conduct "additional evidentiary hearings," although it "may do so" if it deems such a hearing "necessary or desirable." *Id.*

Detention is required if "no condition or combination of conditions will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Danger must be shown by clear and convincing evidence, *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991), while flight risk may be shown by a preponderance of the evidence, *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1198 (9th Cir. 2019); *see also United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990); *United States v. Motamedi*, 767 F.2d 1403, 1406–07 (9th Cir. 1985).

In determining whether conditions of release exist that would reasonably assure a defendant's appearance and the safety of other persons and the community, a court must consider the four sets of factors set out in the Bail Reform Act: (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence; (3) the defendant's history and characteristics, including factors such as his character, family ties, employment, financial resources, length of residence in the community and community ties, past conduct, criminal history; and (4) the nature and seriousness of the danger to any

person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). The government may present evidence via proffer. *See, e.g.*, *United States v. Salerno*, 481 U.S. 739, 743 (1987); *United States v. Winsor*, 785 F.2d 757 (9th Cir. 1986).

**II.    As Magistrate Judge Kim found, the Bail Reform Act factors support Vasilev's detention**

As Pretrial Service concluded and Magistrate Judge Kim found, the Bail Reform Act factors require Vasilev's pretrial detention because releasing him would pose an unacceptable risk of flight. This Court on de novo review should draw the same conclusion and uphold the detention order.

**A.  The nature and circumstances of the offenses support Vasilev's detention**

Vasilev is charged with involvement in "sophisticated criminal conduct, whose successful completion required the ability to travel internationally, to adapt easily to foreign countries, and to move assets and individuals quickly from one country to another." *See United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990). The indictment alleges both a money-laundering conspiracy and operation of an unlicensed money-services business involving an illicit cryptocurrency exchange—Wex, the rebranded version of BTC-e, whose business was derived from criminal activity and that processed millions of dollars in bitcoin. Dkt. 1. The service had criminal clients around the world, and it used a network of payment providers and shell companies to facilitate its business and conceal its illicit proceeds.

The maximum penalties here reflect the seriousness of Vasilev's offenses. The money-laundering conspiracy charge carries a statutory maximum term of 20 years in prison. And the loss amount involved here—at the very least, in the hundreds of millions of dollars—would result in a total offense level higher than the maximum prison term available. The nature and seriousness of the offenses charged favor detention.

**B.  The weight of the evidence supports Vasilev's detention**

Although the Ninth Circuit treats the weight of the evidence as the least important § 3142(g) factor, the Court is still "require[d]" to consider it. *Hir*, 517 F.3d at 1090. In his motion, Vasilev acknowledged his inability to properly assess the weight of the evidence due to the government's ongoing process of producing discovery. Thus, he focused his argument instead on a potential lack of venue challenge. Such a challenge is not appropriate for this type of motion and should be addressed separately.

### C. Vasilev's history and characteristics support detention

Section 3142(g) also requires consideration of the defendant's "history and characteristics," including his "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. §3142(g)(3)(A). "When assessing an alien defendant's ties to the United States, factors to be considered include how long the defendant has resided in this country, whether defendant has been employed in the United States, whether defendant owns any property in this country, and whether defendant has any relatives who are United States residents or citizens." *Townsend*, 897 F.2d at 995. In affirming the denial of bail based on flight risk, the Ninth Circuit has emphasized (1) the defendant's lack of ties to the forum district, (2) the defendant's residence abroad, and (3) the defendant's access to large sums of cash. *Aitken*, 898 F.2d at 107. The Ninth Circuit has also emphasized that "[c]onsideration of a defendant's record concerning appearance at court proceedings and other past conduct is proper." *United States v. Santos-Flores*, 794 F.3d 1088, 1092 (9th Cir. 2015).

This factor heavily favors detention. Vasilev has no meaningful ties to the district or to the United States. Instead, he has significant ties to Russia, Poland, Italy, and Spain. As Magistrate Judge Kim found, Vasilev has "family ties to Russia and Spain, significant history of international travel, no ties to the district or community, unknown ties to the United States, no history of residency in the United States, and no bail resources." Dkt. 24 at 2. This factor strongly supports his pretrial detention.

Should Vasilev elect to flee to Russia, where he is a citizen, he could place himself beyond the Court's reach, as Russia has no extradition treaty with the United States. Also, through his operation of Wex (the rebranded BTC-e), Vasilev likely has access to cyber criminals who could provide him with services such as counterfeit passports. If Vasilev chose to flee while awaiting trial here, he would likely have the ability to secure false identification documents.

Moreover, the government and the Court lack insight into Vasilev's finances abroad and cannot rule out the possibility that he has access to significant funds outside the United States—funds that could be used to assist his flight and provide the means for him to live in a part of the world where the United

States would lack the ability to re-extradite him. Vasilev claims to have minimal assets, but there is no way to corroborate those assertions.

Finally, Vasilev has a history of arrests and prosecutions in other countries. Vasilev's history and characteristics weigh heavily in favor of detention.

### D. Vasilev has a powerful incentive to flee that no bond conditions can adequately mitigate

Vasilev fought to avoid extradition from Poland to the United States. And for good reason: he faces potentially many years in prison if convicted. No available release conditions can adequately mitigate the risk that he will flee abroad. The proposed surety barely knows Vasilev. As Pretrial Services and Magistrate Judge Kim both found, the defense's proposed bond package is inadequate.

Nothing has changed since the August 13 detention hearing. The Bail Reform Act factors continue to require Vasilev's pretrial detention.

## CONCLUSION

The Court should uphold the detention order and deny Vasilev's § 3145(b) motion.

DATED: September 4, 2025

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/
RYAN REZAEI
Assistant United States Attorney
CLAUDIA QUIROZ
C. ALDEN PELKER
JONAS LERMAN
Trial Attorneys, CCIPS
United States Department of Justice